CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 31 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RUSSELL ADAM PELLETIER, | ) | CASE NO. 7:13CV00599 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| UNNAMED WARDEN, | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Russell Adam Pelletier, a Virginia inmate proceeding pro se, filed this action, which he styled as a Motion To Void Judgment Based On Fraud Upon The Court." Pelletier's "motion" raises constitutional challenges to the validity of his confinement under the November 4, 2002 judgment of the Louisa County Circuit Court under which he stands convicted of capital murder, rape, and related firearms charges, and sentenced to two life sentences, plus five years, in prison. Specifically, Pelletier claims that the prosecutor "fabricated" evidence during arguments to the court. Based on the nature of Pelletier's challenge to his confinement, the court construed and docketed his submission as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. After review of the petition and the court's records, the court concludes that the petition must be summarily dismissed as successive, pursuant to 28 U.S.C. § 2244(b).[1]

Court records indicate that Pelletier previously filed a § 2254 petition concerning the same conviction, Civil Action No. 7:06CV00582. This court addressed the petition on the merits and granted the motion to dismiss, and the United States Court of Appeals for the Fourth Circuit dismissed Pelletier's appeal. Thus, Pelletier's current petition is a subsequent one, falling under the prohibition in 28 U.S.C. § 2244(b) against a second or successive petition.

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Pursuant to § 2244(b), a federal district court may consider a second or successive § 2254 petition only if petitioner secures specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria. § 2244(b)(3). Because Pelletier does not demonstrate that he has obtained such certification by the Court of Appeals, the court will dismiss the petition without prejudice as successive. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 21st day of January, 2014.

/s/ James C. Turk
Senior United States District Judge